WILL OF MORSE: BALSINGER, Respondent, vs. SCHRUNK, Appellant.

*November 21—December 8, 1914.*

*Wills: Execution: Mental capacity: Undue influence: Evidence.*

Findings to the effect that a will was signed and duly executed by the testatrix, that she had testamentary capacity, and that it was not the result of undue influence, are *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court for Grant county which affirmed the judgment of the county court of that county admitting to probate the will of Barbara Ann Morse, who died March 18, 1913, aged sixty-eight years. This will was made March 15, 1913. The will disposes of the estate by giving to her brother *Christopher C. Balsinger* a farm of about sixty acres and the personal property that remained after the payment of her debts and funeral expenses, and the residue of her real estate, consisting of 200 acres of bottom lands near to the Mississippi river, she gave to this brother *Christopher* and her brother Berman H. Balsinger to have and to hold for the term of their natural lives and after their death to her legal heirs. She appointed *Christopher C. Balsinger* executor of the will, requesting that he be not required to give bonds, and authorized and empowered him to compromise and settle all claims or demands that existed either in favor of or against her estate. The will was signed at the foot and followed by an attestation clause in the usual form declaring that the testatrix signed and declared this to be her last will in the presence of the subscribing witnesses, who signed it at her request and in her presence. The witnesses signed as follows: "Jacob Shrake, Notary Public, Bagley, Wis.; Dr. Lewis H. Ruttenberg, M. D., Bagley, Wis.; Fred E. Patch, Bagley, Wis."

*Sarah E. Schrunk,* who is a daughter and sole heir at law of the testator, filed objections to the probate of the will, alleging that the testatrix at the time of the execution of the will was mentally incompetent to make the will; that the will was obtained by undue influence exercised upon her to an extent that it was not her will; and that the will was not signed and executed by her as required by law.

The county and circuit courts after hearing the testimony in the case found that the instrument was signed and in all respects executed as a will pursuant to the statutes, that the testatrix had testamentary capacity to make the will, and that it was not made as the result of undue influence exercised upon her, and admitted the will to probate as the last will and testament of the deceased.

The cause was submitted for the appellant on the brief of *S. E. Smalley,* and for the respondent on that of *Brown, Brennan & Carthew.*

SIEBECKER, J.   The question on this appeal presents the inquiry, Does the evidence sustain the conclusion of the trial court finding that the instrument was in fact signed by the testatrix as required by law, that she was mentally competent to make this will and that she was not unduly influenced to make it, and that it expresses her free and voluntary testamentary disposition of her estate?   The making and the execution of the will were not characterized by any unusual circumstances, nor do her actions in the matter or those whom she called to her assistance to draw the will and participate in its execution indicate that she was coerced or wrongfully influenced to interfere with her free and voluntary act of making a testamentary disposition of her property.   The evidence bearing on the mental competency of the testatrix at the time this instrument was made and signed by her as her last will clearly supports the conclusion of both the county and circuit courts and therefore cannot be disturbed on appeal.   The evi-

dence on all the issues litigated on the trials is direct and positive and presented to the lower courts simple inquiries of facts, depending largely upon the probative force of the evidence given *pro* and *con* by the several witnesses. It would serve no useful purpose to recite the evidence here. The findings of the circuit court must be approved and the judgment admitting the will to probate stand.

*By the Court.*—The judgment appealed from is affirmed.